E-Filed 8/18/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE ENCAR ARNOLD DANTES,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HOSPITALS,<br><br>    Defendant. | Case No. 16-cv-00934-HRL<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>**RE: DKT. NOS. 23, 46** |

Marie Dantes ("Dantes") sues Kaiser Foundation Hospitals ("Kaiser"). Dantes' complaint lists seven claims: (1) retaliation; (2) negligence; (3) "breach of misdiagnosis"; (4) negligent infliction of emotional distress; (5) employment discrimination in violation of the Americans with Disabilities Act and the Genetic Information Nondiscrimination Act; (6) whistleblower retaliation; and (7) pregnancy discrimination. Dkt. No. 1 at 1. Dantes alleges she worked at Kaiser "for 13 years" but that she was misdiagnosed with an illness, that she was discriminated against and harassed after that misdiagnosis was illegally disclosed to others, and that managers "treated" her "unfair[ly]" when she was pregnant. Dkt. No. 1 at 2.

The Clerk of Court entered default against Kaiser. Dkt. No. 14. Kaiser appeared and moved to set aside the default. Dkt. No. 23. Dantes moved for default judgment, Dkt. No. 36, and then amended the motion, Dkt. No. 46. Both parties have consented to magistrate-judge jurisdiction. Dkt. Nos. 69, 72.

**Discussion**

A district court has "especially broad" discretion to determine that a default, as opposed to a default judgment, should be set aside for good cause shown. *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (quoting *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994)). The

court should consider three factors to determine whether good cause has been shown: (1) whether "the defendant's culpable conduct led to the default"; (2) whether the defendant "has a meritorious defense"; and (3) whether "reopening the default judgment would prejudice the plaintiff." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001). The court should "resolve[]" any doubt about whether good cause has been shown "in favor of the motion to set aside the default so that [the] case[] may be decided on the[] merits." *O'Connor*, 27 F.3d at 364. And proceedings in default are firmly "disfavored" where the defendant in default appears and vigorously defends itself. *Delacruz v. The State Bar of California et al.*, No. 5:14-cv-05336-EJD, Dkt. No. 317 at 2 (N.D. Cal. May 9, 2016) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) and *Direct Mail Specialists, Inc. v. Eclar Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988)).

Kaiser primarily argues: (1) its agents did not cause the default with culpable conduct—"devious, deliberate, willful, or bad faith" conduct, *see Knoebber*, 244 F.3d at 698—but, rather, that Kaiser's agents had trouble understanding the high volume of unclear and mislabeled documents they received from Dantes in the parallel cases she has filed against Kaiser, Dkt. No. 23 at 11-13; (2) Kaiser has a meritorious statute-of-limitations defense, *id.* at 13-14; and (3) Dantes's ability to litigate this case on the merits has not been hindered by any intervening events, and so Dantes would not suffer any legally cognizable prejudice if the default were set aside, *id.* at 14 (*citing Knoebber*, 244 F.3d at 701). Kaiser argues in the alternative that Dantes waived the entry of default by filing a motion for summary judgment. *Id.* at 14-15.

Dantes's opposition brief does not raise counterarguments based on the pertinent case law. Rather, it describes the course of the parallel case against Kaiser in state court, describes a few attempts to inform opposing counsel that this federal case also exists, and asserts that Dantes is making her best efforts to understand and comply with court procedures even though she is a pro-se litigant. Dkt. No. 42 at 4-42. The brief also quotes Federal Rules of Civil Procedure 55 and 60, but does not make clear arguments on the basis of those rules.

The undersigned is persuaded by Kaiser's primary argument: (1) Kaiser's agents caused the default with innocent mistakes, and did not cause the default with culpable conduct, *see*

*Knoebber*, 244 F.3d at 698; (2) Kaiser has raised a plausible statute-of-limitations defense; and (3) Dantes has shown no legally cognizable prejudice she would suffer if the default were set aside, *see id.* at 701. The court also notes that Kaiser's lawyers began to vigorously defend this case once they learned of its existence, beginning with the motion to set aside the default, Dkt. No. 23, and so default proceedings are "disfavored" here, *see Delacruz*, No. 5:14-cv-05336-EJD, Dkt. No. 317 at 2.

The court therefore, for good cause shown, grants the motion to set aside the default; accordingly, with the underlying default set aside, the court also denies Dantes's pending motion for entry of default judgment.

## Conclusion

Kaiser's motion to set aside the default is granted for good cause shown.[1] Dantes's motion for default judgment is denied for lack of an underlying default. Kaiser has leave of court to file as the operative answer in this case, within 10 days, the proposed answer which Kaiser filed in support of its motion to set aside the default. Dkt. No. 23-1.

**IT IS SO ORDERED.**

Dated: 8/18/16

HOWARD R. LLOYD
United States Magistrate Judge

---

[1] Kaiser requests judicial notice of several documents and facts that are part of the record in this case: (1) the Clerk's Entry of Default; (2) Kaiser's motion to set aside default; (3) the date on which Dantes filed a motion for summary judgment; and (4) the date on which Dantes "first filed" a notice of a hearing date of May 24, 2016 for her motion for default judgment. Dkt. Nos. 28, 58. The court denies as moot these requests for judicial notice of facts and documents already on the record.